UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**TIFFANY LEA GIBSON,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　**CIVIL ACTION NO: 2:20-CV-00559**

**KILOLO KIJAKAZI,**

**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**

MEMORANDUM OPINION AND ORDER

On August 21, 2020, plaintiff Tiffany Lea Gibson ("Gibson") instituted this action seeking judicial review of the Acting Commissioner's final decision pursuant to 42 U.S.C. § 405(g). The sole issue before the court is whether the decision denying Gibson's claim for disability insurance benefits under Title II of the Social Security Act ("the Act") is supported by substantial evidence. See 42 U.S.C. § 405(g).

I. Background

On July 25, 2019, the Honorable Francine A. Serafin, administrative law judge ("ALJ"), entered a decision finding that Gibson was not disabled under the Act and denying benefits. The denial became the final decision of the Acting Commissioner on June 19, 2020, when the Appeals Council denied review.

By standing order this action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge.  On September 2, 2021, the magistrate judge filed his Proposed Findings and Recommendation ("PF&R").  PF&R, ECF No. 18.  In the PF&R, the magistrate judge recommended that Gibson's request to reverse the Commissioner's decision be denied, the Acting Commissioner's request to affirm her decision be granted, the Acting Commissioner's final decision be affirmed, and this action be dismissed from the docket of the court.  Id. at 21.

On September 16, 2021, Gibson timely filed her objection to the PF&R.  Obj., ECF No. 19.  Gibson objects to the magistrate judge's finding that there was no inconsistency between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT").  Id.

## II.  Legal Standard

The court reviews de novo those portions of the magistrate judge's PF&R to which objections are timely filed. 28 U.S.C. § 636(b)(1)(B); see Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

"Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig v. Chater, 76

F.3d 585, 589 (4th Cir. 1996)).

"Substantial evidence" is defined as "more than a scintilla," but "less than a preponderance." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence supports the ALJ's decision even "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

The "substantial evidence" standard of review is a deferential one, Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972), and the Commissioner, not the court, is charged with resolving any conflicts in the evidence, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

### III. Analysis

The Social Security Administration has established a "sequential evaluation process" for determining whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Applicable here, the fifth step of the evaluation process requires the ALJ to determine whether the claimant can perform "other work," meaning work that differs from the claimant's past relevant work. See 20 C.F.R. § 416.920(a)(4)(v). This step requires the ALJ to consider the claimant's residual functional capacity, age, education, and work experience. Id.

In this case, the magistrate judge thoroughly summarized the available evidence, showing how the ALJ's analysis followed this step as set forth in the regulations. The ALJ, after concluding that Gibson was unable to perform her past relevant work, noted Gibson's age and education level. Decision 17–18, ECF No. 14-2. She also found that "[t]ransferability of jobs skills was not material to the determination of disability." Id. Additionally, because the ALJ had found that Gibson had limitations in her ability to perform sedentary work and needed to avoid certain workplace hazards, the ALJ enlisted a VE to determine "whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." Id. at 18; Hearing Tr. 31–35, ECF No. 14-2.

The VE testified that such a hypothetical person could perform three jobs that are available in the national economy: (1) a "toy and equipment assembler" or "stuffer" (DOT 731.685-014), (2) a "grater/sorter" or "nut sorter" (DOT 521.687-086), and (3) an "optical assembler" (DOT 713.687-018). Hearing Tr. 73. The ALJ determined that the VE's testimony was "consistent with the information contained in the Dictionary of Occupational Titles" ("DOT"). Decision 18. Accordingly, the ALJ concluded that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and ultimately found that Gibson was "not disabled" under the Act. Id. at 18–19.

Gibson insists that the ALJ failed to resolve conflicts between the VE's testimony and the DOT and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), as required by Social Security's Rules.  See Obj. 5 (citing HALLEX 1-2-6-74(E) & SSR 00-4P, 2000 WL 1898704).

Specifically, Gibson notes that the ALJ determined that Gibson must avoid frequent exposure to vibration and workplace hazards (including moving machinery) and is not able to work "at an assembly line or production rate pace."  Id. at 4-5 (citing Decision 10-11; Hearing Tr. 33).  Gibson argues that the VE's testimony that an individual like Gibson is capable of performing the jobs of toy stuffer, nut sorter, and optical assembler is not compatible with the DOT and SCO descriptions for those jobs.  Id. at 5-6.

With regard to the toy stuffer position, Gibson notes that the DOT job description "includes tending to a machine that blows filler into stuffed-toy shells, placing shell openings over stuffing machine nozzle and record[s] production."  Id. at 5 (citing DOT 731.685-014, 1991 WL 679811).  She submits that the VE's testimony that someone like Gibson, who needs to "avoid frequent exposure to vibration and workplace hazards such as unprotected heights or moving machinery" and who cannot work "at an assembly line or production rate," could perform this job is inconsistent with the DOT description.  Id. at 5-6.

5

Next, regarding the nut sorter position, Gibson points out that the DOT defines the position as "picking out defective nuts or pieces off a conveyer belt." Id. at 6. She avers that this job description directly conflicts with the abilities of the ALJ's hypothetical individual who must avoid exposure to vibration and moving machinery. Id.

Finally, regarding the optical assembler position, Gibson submits that the DOT describes the job as "attaching nose pads and temple pieces to optical frames, using hand tools[.]" Id. (citing DOT 713.687-018, 1991 WL 679271). Gibson avers that such a position "would likely have production requirements." Id.

The court agrees that the VE's testimony that a hypothetical individual, who needs to avoid frequent exposure to moving machinery, could perform the nut sorter position is likely inconsistent with the DOT's description of the position. See DOT 521.687-086, 1991 WL 674226 (describing position where worker "[o]bserves nut meats on conveyor belt, and picks out broken, shriveled, or wormy nuts and foreign matter, such as leaves and rocks").

Nevertheless, neither the toy stuffer nor the optical assembler position explicitly requires exposure to moving mechanical parts, exposure to vibrations, or work at production-rate pace. See DOT 731.685-014, 1991 WL 679811; DOT 713.687-018, 1991 WL 679271. Although, as Magistrate Judge Tinsley

6

noted, "common sense would seem to dictate" that the toy stuffer position requires exposure to moving mechanical parts and production-rate pace, the DOT description simply does not require that conclusion, particularly where the description specifically provides that the worker "[m]ay stuff toys by hand." DOT 631.685-014. And Gibson's assertion that the optical assembler job "would likely have production requirements" is not supported by a review of the DOT job description. See DOT 713.687-018, 1991 WL 679271. Consequently, substantial evidence supports the ALJ's conclusion that the VE's testimony regarding these two positions was consistent with the information contained in the DOT.

The federal regulations only require the identification of one appropriate occupation at the fifth step of the sequential process. 20 C.F.R. §§ 404.1566(b), 416.966(b).[1] Accordingly, the court finds the ALJ's ultimate conclusion that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" was supported by substantial evidence, inasmuch as the VE testified, for example, 103,000 positions as an optical assembler are available in the national economy. See Decision,

---

[1] "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications."). 20 C.F.R. §§ 404.1566(b), 416.966 (b); see Kennerly v. Colvin, No. 2:15-CV-01540, 2015 WL 9672913, at *13 (S.D.W. Va. Dec. 8, 2015), report and recommendation adopted, No. 2:15-CV-01540, 2016 WL 93867 (S.D.W. Va. Jan. 7, 2016).

18; Hearing Tr. 33.

Finally, the court acknowledges Gibson's argument that the ALJ was required by the Social Security Administration's Rules to resolve any discrepancies between the VE's testimony and the SCO. Obj. 5. Gibson submits, without citation, that under the SCO "all three jobs fall under Industrial type work, work which is concerned with feeding, off bearing, or tending machines and equipment; using hand tools; doing manual work; and assisting skilled workers, to process materials and make products, usually in an industrial setting." Id. Notwithstanding this general description, a review of the SCO finds that proximity to moving machine parts and frequent vibrations are not among the environmental descriptors for the optical assembler, toy stuffer, nut sorter positions. See U.S. Dep't of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles 196, 283, 308 (1993). Consequently, the court finds no conflict between the VE's testimony and the SCO.

### IV. Conclusion

For the reasons stated, and having reviewed the record de novo, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;
2. That the plaintiff's request to reverse the

>Commissioner's decision be, and it hereby is, denied;

3. That the Acting Commissioner's final decision be, and it hereby is, affirmed;

4. That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: November 12, 2021

John T. Copenhaver, Jr.
Senior United States District Judge